**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2126**

MADELEINE KONOU AMEGBEDJI; KOSSI SEYRAM AMEGBEDJI,

          Petitioners,

          v.

ERIC H. HOLDER, JR., Attorney General,

          Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  April 20, 2012              Decided:  May 2, 2012

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Andrew P. Johnson, LAW OFFICES OF ANDREW P. JOHNSON, New York, New York, for Petitioners.  Stuart Delery, Acting Assistant Attorney General, Holly M. Smith, Senior Litigation Counsel, Rachel L. Browning, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Madeleine Konou Amegbedji and Kossi Seyram Amegbedji petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's order denying their application for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT").[1] We deny the petition for review.

An alien has the burden of showing she is eligible for relief. In order to show eligibility for asylum, she must show that she was subjected to past persecution or has a well-founded fear of persecution on account of a protected ground such as political opinion. If the applicant establishes past persecution, she has the benefit of a rebuttable presumption of a well-founded fear of persecution. See 8 C.F.R. § 208.13(b)(1) (2011).

This court will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. The standard of review of the agency's findings is narrow and deferential. Factual findings are affirmed if supported by substantial evidence. Substantial evidence exists to support a finding unless the evidence was such that any reasonable

---

[1] Madeleine Amegbedji was the lead applicant and Kossi Amegbedji was the derivative applicant.

2

adjudicator would have been compelled to conclude to the contrary. Therefore, we review an adverse credibility determination for substantial evidence and give broad deference to the Board's credibility determination. The Board and the immigration judge must provide specific, cogent reasons for making an adverse credibility determination. We recognize that omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination. The existence of only a few such inconsistencies, omissions, or contradictions can be sufficient for the Board to make an adverse credibility determination as to the alien's entire testimony regarding past persecution. An inconsistency can serve as a basis for an adverse credibility determination even if it does not go to the heart of the alien's claim. 8 U.S.C. § 1158(b)(1)(B)(iii) (2006); Djadjou v. Holder, 662 F.3d 265, 272-74 & n.1 (4th Cir. 2011) (case citations omitted). An adverse credibility finding can support a conclusion that the alien did not establish past persecution. See Dankam v. Gonzales, 495 F.3d 113, 121-23 (4th Cir. 2007); see also Chen v. Attorney General, 463 F.3d 1228, 1231 (11th Cir. 2006) (denial of asylum relief can be based solely upon an adverse credibility finding).

We conclude that substantial evidence supports the adverse credibility finding. The immigration judge listed

specific and cogent reasons in support of the finding. It was not an abuse of discretion for the immigration judge and the Board to find that Amegbedji's numerous inconsistencies, particularly those concerning her nationality, were critically important to her claim for relief. Given the nature of the inconsistencies and Amegbedji's reluctance to admitting to having more than one passport and confirming her actual country of birth and her evasiveness regarding her current address, we further conclude that substantial evidence supports the finding that Amegbedji's independent evidence falls short of overcoming the adverse credibility finding.[2]

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[2] The Petitioners have abandoned any challenge to the denial of withholding of removal and the denial of relief under the CAT by failing to raise an issue in their brief. Accordingly, this court will not review those findings. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that the failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).